UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Fuller,                                                           Case No.  3:19-cv-1670

        Plaintiff,

    v.                                                                  MEMORANDUM OPINION
                                                AND ORDER

Randall Bearings, Inc., *et al.*,

        Defendants.

## I.  INTRODUCTION

On July 22, 2019, Plaintiff Michael Fuller filed suit against Defendants Randall Bearings, Inc., and International Union of Electronic, Electrical, Salaries, Machine and Furniture Workers-Communications Workers of America, AFL-CIO, Local 84742 (the "Local 84742").  Local 84742 and Randall Bearings filed motions for summary judgment on Fuller's claims.  (Doc. Nos. 21 and 22).  Fuller filed responses to both motions.  (Doc. Nos. 23 and 24).  The Defendants then filed reply briefs in support of their motions.  (Doc. Nos. 26 and 27).  For the reasons stated below, I grant the motions for summary judgment.

## II.  BACKGROUND

Fuller began working for Randall Bearings in April 2012.  Fuller has held several different positions during his employment at Randall Bearings, including working in shipping and the Metal Room.  (Doc. No. 13 at 3).  He became a member of Local 84742 when he started working at Randall Bearings and remained a member until 2018, when he withdrew.  (Doc. No. 21-3 at 47).

Randall Bearings and Local 84742 are parties to a collective bargaining agreement (the "CBA") which governs employee wages, hours, and other conditions of employment. (Doc. No. 21-2).

On March 3, 2016, Fuller was told he was going to be laid off as part of a plant-wide layoff. (Doc. No. 21-3 at 51). Mike Dodge, then the chief union steward, and Tim Toland, the plant manager, told Fuller they had checked to see whether Fuller could use his seniority to bump into another department rather than being laid off, but that there were no positions available. (*Id.* at 51-52). Fuller subsequently was recalled from the layoff and returned to work in January 2017. (*Id.* at 54).

Fuller contends he was improperly laid off because Randall Bearings retained at least four people who had less seniority than he did at the time he was laid off. (*Id.* at 73-74). After he returned to work, Fuller asked the union to file a grievance on his behalf regarding the layoff. (*Id.* at 79-80). He asserts he was told a grievance was filed on his behalf and taken to the third step of the grievance process under the CBA before the union concluded there was "nothing" more it could do. (*Id.* at 89). Fuller alleges it was not until February 2019 that he learned Local 84742 had not filed a grievance regarding his layoff. (Doc. No. 24 at 4).

Fuller asserts three causes of action: (1) breach of a collective bargaining agreement, (2) breach of the duty of fair representation, and (3) civil conspiracy. (*See* Doc. No. 13).

### III.  STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law.  *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

## IV.  ANALYSIS

### A.  HYBRID § 301 CLAIM

Fuller alleges Randall Bearings breached the CBA when it laid him off in March 2016, and that Local 84742 breached its duty of fair representation when it failed to file or pursue a grievance on Fuller's behalf.  Interdependent claims asserted against a company and a union such as these are known as hybrid § 301 claims.  To succeed on a hybrid § 301 claim, Fuller must show Randall Bearings breached the CBA <u>and</u> that Local 84742 breached its duty of fair representation.  *See, e.g., White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559-60 (6th Cir. 1990) (citations omitted).  Hybrid § 301 claims are subject to a six-month statute of limitations.  *Adkins v. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC*, 769 F.2d 330, 334 (6th Cir. 1985) (citing *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151 (1983)).

Both Defendants argue Fuller's claims are barred by the statute of limitations because he failed to file suit within six months of the accrual of his cause of action.  (Doc. No. 21-1 at 4-6; Doc. No. 22 at 11-16).

Fuller returned to work at Randall Bearings in January 2017.  As Randall Bearings concedes in its motion, Fuller did not remember the exact dates on which relevant events occurred.  (*See* Doc. no. 22 at 14 n.4).  Instead, Fuller testified to approximate time frames in which those events took place.  He recalls learning that other employees performed his job duties while he was laid off approximately "four, five, or six months after [he] returned to work."  (Doc. No. 21-3 at 82).  He spoke to his union steward a few weeks later, and to Mike Dodge, the president of Local 84742, a week or so after that.  (*Id.* at 87-89).

3

Approximately a week after that, Dodge contacted Fuller and told him there was nothing more the union could do after having taken his grievance to step 3 of the CBA's grievance process. (*Id.* at 89). Fuller recalled that his conversation with Dodge became "a little heated," because Fuller disagreed with Dodge's assertion that the union had determined Fuller had not been entitled to retain his position in the metal room during the lay-off period. (*Id.* at 95).

Thus, Defendants argue, while Fuller did not testify to the specific dates on which these events occurred, the time frame Fuller provided places those events between April and August 2017. He did not file suit until July 2019, well outside the six-month window.

Fuller pushes back, arguing the timing of his conversation with his union steward about filing a grievance "is at question." (Doc. No. 23 at 3). He submitted a declaration acknowledging he testified to the events as occurring in 2017 as a "potential timeframe," but asserting he had determined they actually took place in 2018, based upon a written statement he submitted to Local 84742 on February 6, 2018. (Doc. No. 25-1 at 1).

Randall Bearings objects to Fuller's declaration, arguing Fuller is attempting to contradict his earlier testimony. (Doc. No. 26 at 3-4). It is well settled "that a party cannot create a disputed issue of material fact by filing an affidavit that contradicts the party's earlier deposition testimony." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906 (6th Cir. 2006).

Fuller's declaration appears to be an attempt to do just that. According to his declaration, the four-to-six-month window he remembered during his deposition actually was at least twelve months. (Doc. No. 25-1 at 1). Even that shift in timeline does not help Fuller, however, because his conversation with Dodge would have taken place in February or March of 2018 – still well outside the six-month limitations period.

Fuller attempts to overcome this problem by alleging he learned in February 2019 that the union did not file a grievance on his behalf, and that he satisfied the statute of limitations by filing

suit within six months of that date. (Doc. No. 23 at 4). But this argument does not help Fuller either.

Fuller testified Dodge told him, as early as August 2017 but no later than March 2018, that there was nothing the union could do to help him. (Doc. No. 21-3 at 90). Fuller "is responsible for knowing the contents of his CBA," *Hollingsworth v. Ford Motor Co.*, 644 F. App'x 496, 502 (6th Cir. 2016), and the CBA plainly states "[a]ny grievance that is not settled in the three (3) steps as outlined in the above grievance procedure <u>shall</u> be submitted to arbitration . . . .". (Doc. No. 21-2 at 15 (emphasis added)). According to Fuller, Dodge told him the union would not pursue his grievance beyond step 3 of the grievance process. (Doc. No. 21-3 at 89-90). At that point, Fuller knew, "or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation supporting [his] hybrid section 301 claim." *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 804 (6th Cir. 1990).

Whether I accept Fuller's initial representation that his conversation with Dodge occurred in the summer of 2017 or his subsequent claim that it occurred in March 2018, there is no genuine dispute regarding whether Fuller filed his lawsuit outside of the six-month limitations period. Therefore, his claims are barred.

Fuller cannot avoid this outcome through application of the doctrine of equitable tolling. (Doc. No. 23 at 7-8). The limitations period for a hybrid § 301 claim may be equitably tolled due to fraudulent concealment if a plaintiff can show "(1) the defendant concealed the conduct that constitutes the cause of action, (2) the defendant's concealment prevented the plaintiff from discovering the cause of action within the limitations period, and (3) the plaintiff exercised due diligence in trying to find out about the cause of action." *Hollingsworth*, 644 F. App'x at 502.

Fuller cannot toll the limitations period as to his claim against Randall Bearings, because he does not assert Randall Bearings concealed any information from him. (*See* Doc. No. 23 at 7-8).

Nor can he toll the limitations period as to his claim against Local 84742.  Fuller's cause of action against the union is one for breach of the duty of fair representation, which "requires a union 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'"  *Merritt v. Int'l Ass'n of Mach. and Aerospace Workers*, 613 F.3d 609, 619 (6th Cir. 2010) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)).  Fuller offers no basis for his implication that the duty of fair representation is synonymous with a duty to file a grievance.  (*See* Doc. No. 23 at 7-8).  And he fails to show how Local 84742 concealed any information regarding Randall Bearings' rejection of his assertion that he was entitled to back pay and benefits from the time period in which he was laid off.

Further, Fuller fails to show he acted with due diligence in attempting to learn more information about his cause of action.  By his own admission, Fuller did not request a copy of his grievance until February 2019 – one year after he submitted a written statement to Local 84742 regarding his desire to have a grievance filed, (Doc. No. 23-2), and at least eleven months after Dodge told him there was nothing more the union could do.  As Fuller himself concedes, (Doc. No. 23 at 6), a plaintiff cannot close his "'eyes to evident and objective facts concerning the accrual of [his] right to sue.'"  *Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1000 (6th Cir. 1994) (quoting *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 579 (6th Cir.1987)).  Fuller did so, and therefore he is not entitled to equitable tolling of the statute of limitations.

### B.    CIVIL CONSPIRACY

Fuller also asserts a claim for civil conspiracy in violation of Ohio law.  "Civil conspiracy in Ohio is 'a malicious combination of two [or] more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.'"  *Gosden v. Louis*, 687 N.E.2d 481, 496 (Ohio Ct. App. 1996) (quoting *Kenty v. Transam. Premium Ins. Co.*, 650 N.E.2d 863, 866 (Ohio 1995)).

6

Fuller claims he "testified that the Company and the Union maliciously acted together to deprive him of his job under the guise of a layoff, instead of following the CBA language." (Doc. No. 23 at 11; Doc. No. 24 at 11). But, as Randall Bearings notes, (*see* Doc. No. 26 at 12), Fuller in fact testified he did not have any evidence of a conspiracy. (Doc. No. 21-3 at 147).

Once Defendants met their burden of showing there is no genuine dispute of material fact regarding Fuller's civil conspiracy claim, Fuller had a duty to come forward with evidence sufficient to permit a reasonable jury to find in his favor. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (A party opposing summary judgment is "obligated . . . to 'identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial.'") (quoting *Amini v. Oberlin Coll.*, 440 F.3d 350, 357 (6th Cir. 2006)). He has not done so and, therefore, Randall Bearings and Local 84742 are entitled to summary judgment on his civil conspiracy claim.

## V.    CONCLUSION

For the reasons stated above, I conclude Fuller's hybrid § 301 claim is barred by the applicable statute of limitations and that Fuller has failed to present any evidence in support of his civil conspiracy claim. Therefore, I grant the motions for summary judgment filed by Local 84742, (Doc. No. 21), and Randall Bearings. (Doc. No. 22).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge